IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

INDIANA COALITION FOR PUBLIC
EDUCATION - MONROE COUNTY
AND SOUTH CENTRAL INDIANA, INC.

    *Plaintiff,*

v.

Case No. 1:17-cv- 1295

JENNIFER McCORMICK, in her official capacities as
Superintendent of Public Instruction and chair of the
Indiana State Board of Education,
JAMES BETLEY, in his official capacity as Executive
Director of the Indiana Charter School Board, and
SEVEN OAKS CLASSICAL SCHOOL, INC.

    *Defendants*

## **COMPLAINT**

### INTRODUCTION

1. This complaint challenges the constitutionality of portions of the Indiana Charter Schools Act on their face and as applied to the authorization of a charter for Seven Oaks Classical School by Grace College and Seminary. It asserts in Counts I and II that the Act violates the Establishment Clause by delegating discretionary government power to authorize charter schools to a religious institution, and authorizing the payment of public funds to that religious institution. It asserts in Count III that the Act also violates the Indiana Constitution's prohibition against drawing money from the treasury for the benefit of a religious institution. The complaint seeks a declaratory judgment that these provisions are unconstitutional and the charter issued to Seven Oaks Classical School by Grace College is invalid, and an injunction prohibiting the defendants

from distributing state funds to Seven Oaks Classical School and Grace College and Seminary. It has been brought pursuant to 42 U.S.C. § 1983 by an association whose members will be harmed by the diversion of money from the community school corporations in Monroe County to Seven Oaks Classical School.

2. The statutes at issue are Indiana Code §§ 20-24-1-2.5(5) and 20-24-3-1, which make Grace College and Seminary an authorizer of charter schools; Indiana Code § 20-24-7-4, which provides that state funds will be paid to Grace College for being the authorizer; and the provisions in Indiana Code §§ 20-24-3-1 through 20-24-9-2, which fail to establish standards for such authorization that would prohibit Grace College from using religious principles as a basis for authorizing a charter school.

## JURISDICTION AND VENUE

3.  This case is brought pursuant to 42 U.S.C. § 1983, to redress a violation of plaintiffs' rights secured by the Establishment Clause, U.S. Const., Amend. I, by state officials acting under color of state law.

4. This court has original jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes U.S. District Courts to hear cases arising under the Constitution and laws of the United States.

5. This court has supplemental jurisdiction over the state constitutional claim pursuant to 28 U.S.C. § 1367(a), because it is part of the same case and is based on the same facts, statutes, and circumstances as the federal claims.

6. The members of the plaintiff association reside primarily in Monroe County, Indiana, defendants McCormick and Betley have their offices and perform their duties in Marion County, Indiana, and the charter school at issue is located in Monroe County, Indiana.

## PARTIES

7. Indiana Coalition for Public Education - Monroe County and South Central Indiana, Inc., (ICPE-MC) is a nonprofit association located in Monroe County, Indiana, that advocates for adequate funding for local community school corporations (hereafter "public schools") and against the diversion of public tax dollars away from the public schools to private and charter schools.

8. ICPE-MC includes among its members current teachers and employees of the public schools in Monroe County who will be harmed by the diversion of funds from those schools to Seven Oaks Classical School, which will result in a reduction in staff size, greater work load for the staff who remain, and a reduction in supplies and other resources used by teachers.

9. ICPE-MC includes among its members parents with children enrolled in the public schools in Monroe County, who will be harmed by the diversion of public funds from those schools to Seven Oaks Classical School, which will result in the loss of teachers and support staff, greater class size, fewer co-curricular activities, increased fees for some school activities and lunches, and fewer resources available to classroom teachers.

10. ICPE-MC includes among its members people who reside within the Monroe County Community School Corporation's boundaries, pay state taxes used to finance public schools, and pay additional local taxes to support public schools beyond those paid by other Indiana citizens because of a referendum tax levy pursuant to Ind. Code § 20-46-1-5 et seq., approved by voters in that school district.

11. Defendant Jennifer McCormick is Superintendent of Public Instruction and chair of the Indiana State Board of Education. The Board of Education has authority to develop standards for and oversee charter school authorizers and to approve, deny or suspend approval to an

3

institution which has applied to be an authorizer, pursuant to Indiana Code §§ 20-24-2.2-1.2 and 20-24-2.2-4, and to distribute state education funds to charter schools. Ind. Code § 20-19-2-8(a)(5). She is sued in her official capacities for declaratory and injunctive relief.

12. Defendant James Betley is the Executive Director of the Indiana Charter School Board, which has general authority over charter school authorization pursuant to Ind. Code §§ 20-24-2.1-1(a) and 20-24-2.2-1.2, and is charged by Ind. Code § 20-24-2.1-2 with reviewing charter school proposals and monitoring charter schools. He is sued in his official capacity for declaratory and injunctive relief.

13. Defendant Seven Oaks Classical School, Inc., is a charter school in Monroe County, Indiana, authorized by Grace College and Seminary.

## FACTS

14. Grace College and Seminary is an evangelical Christian college and theological seminary located in Kosciusko County, Indiana.

15. Grace College and Seminary is authorized by Ind. Code § 20-24-1-2.5(5) to authorize charter schools and is permitted to do so by the State Board of Education.

16. The governing body of Grace College and Seminary has authorized three charter schools, including Seven Oaks Classical School, and intends to authorize additional charter schools in the future.

17. Seven Oaks Classical School, Inc., is a nonprofit corporation located in Monroe County, Indiana, operating a charter school for students in kindergarten through eighth grade which opened in August, 2016.

18. Monroe County, Indiana, has two public school corporations funded by public money: Monroe County Community School Corp. (MCCSC) and Richland-Bean Blossom School Corp.

(RBBSC).

19. The voters in Monroe County have approved a referendum tax levy to support MCCSC, and those who reside in the MCCSC school district pay additional taxes not paid by other Indiana residents.

20. Seven public schools in Monroe County have been given a 4-star rating by the Indiana Department of Education for being among the state's best.

21. In 2014, Seven Oaks Classical School applied to the Indiana Charter School Board for authorization to operate a charter school in Monroe County. Its application was denied.

22. In the spring of 2015, Seven Oaks Classical School again applied to the Indiana Charter School Board for authorization to operate a charter school. It withdrew the application the day the Board was scheduled to vote on the charter, when the organizers were informed that the Board's review panel would recommend that their application again be denied.

23. In the fall of 2015, without making any substantive changes to its application, Seven Oaks Classical School applied to Grace College and Seminary for authorization to operate a charter school. It was approved in a meeting of the Grace College and Seminary governing board in 2016 that was closed to the public.

24. In the 2014-15 school year, which was the year preceding Grace College and Seminary's authorization of a charter for Seven Oaks, the Department of Education had given RBBSC a grade of B and MCCSC a grade of A. No school in either system had been given a failing grade under the state's standards.

25. Grace College and Seminary has not provided any information to the public on its procedures, practices and criteria for authorizing a charter for Seven Oaks, or whether it adheres to criteria consistent with nationally recognized standards for quality charter authorizing.

26. The governing body of Grace College and Seminary that authorized the Seven Oaks Classical School charter is the same body that administers the college's religious and biblical mission, and it did nothing to separate the charter school authorization process from the college's religious mission.

27. The decision to authorize a charter school is entirely at the discretion of the authorizer, and is not reviewable by any government agency.

28. Indiana Code § 20-24-7-4 authorizes Grace College and Seminary to receive three percent of the public tax money allocated to the charter school in basic tuition support as an administrative fee but does not require that it be kept separate from the college's general fund.

29. Seven Oaks Classical School has opened a charter school located at 200 E. Association St., Ellettsville, Indiana, in Monroe County, has enrolled approximately 166 students for the 2016-17 school year, and expects to enroll between 400-700 students in future years.

30. The majority of students enrolled at Seven Oaks Classical School reside in Monroe County and would otherwise have enrolled in MCCSC or RBBSC schools.

31. MCCSC will lose approximately $6382 and RBBSC will lose approximately $6508 per student who attends Seven Oaks rather than the public schools, which for 2016-17 will total approximately $800,000-1,000,000.

32. If Seven Oaks increases enrollment to 400 students, MCCSC and RBBSC will lose approximately $1,750,000-2,250,000.

33. The loss of basic tuition support will cause a reduction in the budgets of MCCSC and RBBSC, which will result in laying off teachers and support staff, increasing some class sizes, eliminating or raising the cost of participation in extra-curricular activities, and having fewer resources available to classroom teachers.

34. Seven Oaks Classical School does not provide transportation for pupils or participate in the National School Lunch Program, and requires the purchase of multiple school uniforms.

35. The transfer of up to 400 students able to provide their own transportation, lunches and uniforms, from the public school corporations to Seven Oaks, will have a harmful effect on education in Monroe County by increasing student segregation by race, socioeconomic class and political views, reducing classroom diversity, and increasing the concentration in MCCSC and RBBSC of high-need students who require the most resources and expense to educate.

## COUNT I:
### DELEGATING THE DECISION TO AUTHORIZE A CHARTER SCHOOL TO A RELIGIOUS INSTITUTION VIOLATES THE ESTABLISHMENT CLAUSE

36. Plaintiffs repeat and re-allege paragraphs 1-35 of this Complaint as if fully set forth herein.

37. Decisions concerning the operation of public schools and whether to open a new school are fundamental government tasks requiring the balancing of numerous competing considerations.

38. Indiana's Charter School Act leaves the decision whether to authorize a charter school to the discretion of the authorizer, provides no specific guidelines, standards, or constraints upon the exercise of that discretion, and does not require an authorizer to make public its reasons, findings, or criteria used.

39. If the authorizer approves the charter, the decision is final and not reviewable by the Indiana Charter School Board or any other state agency.

40. The Act names as an authorizer Grace College and Seminary, which describes itself as an evangelical Christian institution which applies biblical values to its educational mission, emphasizes a biblical worldview, and teaches students to recognize scripture as the inerrant and

inspired Word of God.

41. The Act does not require that Grace College and Seminary separate its evangelical Christian beliefs from the decision to authorize a charter school, nor does it provide any review mechanism whereby the state can insure the separation of the authorizer's religious beliefs from its decision to authorize a charter school.

42. The decision to authorize the Seven Oaks charter was made by the same governing body of Grace College and Seminary that oversees its religious mission.

43. The governing body of Grace College and Seminary authorized a charter for Seven Oaks Classical School despite the fact that Seven Oaks had previously been denied a charter by the Indiana Charter School Board, thereby overruling the decision of the state government agency.

44. Giving religious institutions power to authorize charter schools is not necessary to advance the state's interest in educational innovation because the Act allows state universities, local government, and the Indiana Charter School Board to authorize charters.

45. Making a religious institution's decision to authorize a charter school unreviewable is not necessary to advance the state's interest in educational innovation because the Act provides for review if the decision denies authorization.

46. Authorizing a charter school for Monroe County is not necessary to advance the state's interest in giving families alternatives to poorly performing public schools, because the State has consistently awarded Monroe County's public school corporations with grades of A and B.

47. Delegating the discretionary government function to authorize charter schools to Grace College and Seminary, without adequate guidelines to constrain the exercise of discretion or prevent its evangelical Christian beliefs from affecting its decisions, and giving Grace College the power to overrule a negative decision by the Indiana Charter School Board, excessively

entangles government and a religious institution, and violates the Establishment Clause, U.S. Const., Amend. I.

## COUNT II.
### GIVING PUBLIC FUNDS TO RELIGIOUS INSTITUTIONS FOR AUTHORIZING CHARTER SCHOOLS VIOLATES THE ESTABLISHMENT CLAUSE

47.  Plaintiffs repeat and re-allege paragraphs 1-46 of this Complaint as if fully set forth herein.

48.  The Indiana Charter School Act authorizes Grace College and Seminary to receive three percent of the public tax money given to Seven Oaks Classical School in basic tuition support as an administrative fee but does not require that the money be kept separate from the college's general fund or that the college establish a separate entity to administer it.

49. The Act requires that the money be used only for administrative expenses connected with fulfilling authorizing obligations and not for religious purposes.

50.  In order to make sure that public funds are not used by Grace College and Seminary for religious purposes, the state will be required to audit the budget of the College.

51. Nonreligious authorizers will not be subject to the regulatory oversight alleged in the previous paragraph.

52. Indiana Code §§ 20-24-9-1 and 20-24-9-2 require that Grace College collect detailed information about the schools it has chartered, their students, and their internal procedures and finances, and file an annual report to the Indiana Department of Education that also includes the names of the College's board members.

53. The Indiana Charter School Act fosters excessive government entanglement with a religious institution, which is not necessary to advance the secular purpose of the Charter Schools Act because the Act allows state universities, local government, and the Indiana Charter

School Board to authorize charters

54. The provisions of the Charter School Act that give state funds to Grace College and require audits, reports, and the public disclosure of Grace College's trustees, excessively entangles government and a religious institution in violation of the Establishment Clause, U.S. Const., Amend. I.

## COUNT III
### GIVING PUBLIC FUNDS TO RELIGIOUS INSTITUTIONS FOR AUTHORIZING CHARTER SCHOOLS VIOLATES THE INDIANA CONSTITUTION

55. Plaintiffs repeat and re-allege paragraphs 1-54 of this Complaint as if fully set forth herein.

56. The Indiana Constitution, Article I, section 6, provides that "[n]o money shall be drawn from the treasury, for the benefit of any religious or theological institution."

57. Grace College and Seminary is a religious or theological institution.

58. The Indiana Charter School Act authorizes Grace College and Seminary to receive three percent of the public tax money allocated to Seven Oaks Classical School, which money is drawn from the state treasury.

59. The provisions of the Charter School Act that gives state funds to Grace College violates the Indiana Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief:

A. A declaratory judgment pursuant to 28 U.S.C. § 2201 that the provisions in Indiana Code §§ 20-24-1-2.5(5) and 20-24-3-1, which authorize Grace College to be an authorizer of charter schools, are unconstitutional in violation of the Establishment Clause.

B. A declaratory judgment that the provisions in Indiana Code §§ 20-24-3-1 et seq., which

authorize the creation of charter schools but subject the authorizer to state regulation, are unconstitutional under the Establishment Clause as applied to Grace College's authorization of a charter for Seven Oaks Classical School.

C. A declaratory judgment that Indiana Code § 20-24-7-4, which provides that three percent of a charter school's base tuition support may be paid to the authorizer, is unconstitutional as applied to Grace College as a violation of the Establishment Clause and the Indiana Constitution.

D. A declaratory judgment that the charter for Seven Oaks Classical School from Grace College and Seminary was issued in violation of the Establishment Clause and is invalid.

E. An injunction prohibiting the defendants from allowing Grace College and Seminary to authorize any charter schools in the future.

F. An injunction prohibiting the defendants from distributing any state tuition support or any other state funds to Seven Oaks Classical School or Grace College and Seminary.

G. An award of reasonable attorneys' fees, costs and expenses of litigation..

    Respectfully submitted,

*Attorneys for Plaintiff*

 s/ James A. Tanford
James A. Tanford (IN Attorney No. 16982-53)
*Of Counsel*
Epstein Cohen Seif & Porter, LLP
2303 Woodstock Pl, Bloomington, Indiana 47401
Tel:  812-332-4966
Fax:  317-638-9891
tanfordlegal@gmail.com

 s/ William R. Groth
William R. Groth
Fillenwarth Dennerline Groth & Towe, LLP
429 E. Vermont St., Suite 200
Indianapolis IN 46202
Tel: 317-353-9363
wgroth@fdgtlaborlaw.com