UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA COALITION FOR PUBLIC ) <br> EDUCATION - MONROE COUNTY AND ) <br> SOUTH CENTRAL INDIANA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JENNIFER MCCORMICK, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> SEVEN OAKS CLASSICAL SCHOOL, INC., ) <br> ) <br> Intervenor Defendant. ) | No. 1:17-cv-01295-JMS-MPB |

**ORDER**

Pending before the Court are Defendants Jennifer McCormick's and Seven Oaks Classical School, Inc.'s ("Seven Oaks") Bills of Costs, [Filing No. 96; Filing No. 97], and Plaintiff Indiana Coalition for Public Education's ("the Coalition") Motion for Review of Taxable Costs, [Filing No. 98], all filed after the Court dismissed this matter for lack of subject-matter jurisdiction, [Filing No. 93]. Seven Oaks requests an award of $1,853.34 and Ms. McCormick requests $1,490.74 in compensable costs. For the reasons described below, the Court **GRANTS** Ms. McCormick's request and **TAKES UNDER ADVISEMEMENT** Seven Oaks' request.

**I.**
**LEGAL STANDARD**

The costs that are recoverable by a prevailing party in a civil lawsuit are set forth in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:
   (1) Fees of the clerk and marshal;

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Under Federal Rule of Civil Procedure 54(d), the Court has discretion to tax the costs enumerated in § 1920 against the losing party in an action, and a "strong presumption" exists that the Court will do so. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (citation omitted). The losing party "bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). "The process for awarding court costs is intended to be summary." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). The district court should not resolve arguments regarding the winning party's strategy in litigating the case, *id.*, but nonetheless must discern whether the claimed costs were "reasonable and necessary," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

## II.
### DISCUSSION

The Coalition raises several arguments as to why Defendants should not recover any costs and why several specific costs are unreasonable. The Court addresses each of the Coalition's arguments in turn.

### A. Costs Incurred But Not Paid

The Coalition first argues that Seven Oaks should not recover any of its claimed costs because it has failed to submit any proof that it—as opposed to a law firm or other outside group—actually paid them. [Filing No. 98 at 3-4.] In response, Seven Oaks neither confirms nor denies the Coalition's suggestion that it has not paid for its costs, but argues that "[h]ow Seven Oaks pays for the costs that it has incurred is both irrelevant and none of the plaintiff's business." [Filing No. 99 at 5.]

"Awards of costs, no less than damages, are limited to actual outlays or obligations. If [a party's] friend were a printer . . . , and donated duplicating services . . . , [the party] could not recover the 'reasonable value' of these services as part of [its] costs." *Neal v. Honeywell, Inc.*, 191 F.3d 827, 833 (7th Cir. 1999). This is consistent with the principle that "[c]osts . . . . are awarded not to the lawyer but to the client, though often the lawyer will have advanced the costs and charged them back to the client later." *Shula v. Lawent*, 359 F.3d 489, 492 (7th Cir. 2004).

The Court rejects Seven Oaks' assertion that who paid its costs is "irrelevant and none of the plaintiff's business." *Neal* establishes that a prevailing party may recover only costs it actually paid. Donated or otherwise uncharged costs may not be recovered. Moreover, given the facts of this case, the Court finds it unreasonable to require the Coalition, with its limited resources, [*see* Filing No. 98-1], to shoulder a cost that Seven Oaks itself did not bear. Seven Oaks has neither affirmatively stated that it paid its claimed costs nor conceded that its costs were paid by a nonparty (such as a law firm or other outside group). Therefore, the Court will order Seven Oaks to file a verified notice identifying the costs (except those otherwise disallowed below) which it

3

actually paid and the date on which it paid them.[1] If Seven Oaks prefers, instead of identifying the costs it paid, it may withdraw its Bill of Costs.

**B. Depositions**

The Coalition next argues that Defendants should not recover the $1,490.74 sought by each party in deposition expenses because the depositions were not reasonably necessary given the nature of this matter and were excessive in number and length. [Filing No. 98 at 2.] The Coalition blames Seven Oaks for "instigati[ng]" the six depositions that were taken in this matter. [Filing No. 98 at 3.] In response, Defendants argue that the depositions were reasonably taken to investigate the Coalition's standing arguments and as-applied constitutional challenge and were short—no more than two hours each—in length. [Filing No. 99 at 2-3 (citing Filing No. 99-1); Filing No. 100 at 3-5.]

A prevailing party may recover costs for "trial transcripts and transcripts from other court proceedings necessarily obtained for use in the case." *Majeske v. City of Chi.*, 218 F.3d 816, 825 (7th Cir. 2000). "While the determination of necessity must be made in light of the facts known when the transcript was requested, the introduction of testimony from a transcript is not a prerequisite for finding that it was necessary," nor must a transcript be "absolutely indispensable in order to provide the basis of an award of costs." *Id.*

As Ms. McCormick points out, the Coalition submitted materials (in the form of deposition excerpts, expert reports, or declarations) from each of the deponents. Moreover, the Coalition

---

[1] The Coalition raises this argument only as to Seven Oaks and does not argue that the State of Indiana did not actually pay the costs it seeks on behalf of Ms. McCormick, who was sued only in her official capacity. Moreover, Ms. McCormick attached invoices for the deposition expenses to her Bill of Costs, [Filing No. 97-1], and her counsel represents that denying her Bill of Costs would "shift[]" the costs of these depositions "to Indiana taxpayers," [Filing No. 100 at 7]. The Court therefore infers that the State of Indiana or its agencies have actually paid the invoiced deposition expenses. Ms. McCormick must immediately notify the Court should this inference be inaccurate.

4

advanced, in its own words, an "[a]s-applied challenge" to the Charter School Act which "examines whether [the] law is unconstitutional as applied to the unique facts of the case regardless of whether it may be capable of valid application in other situations." [Filing No. 61 at 4.] Finally, each of the depositions was very short in length. The Court finds that the depositions were reasonable in length and necessary for these proceedings, even if not every topic covered proved material to the Court's summary judgment ruling. Each Defendant is therefore entitled to recover $1,490.74 in requested costs for the deposition transcripts, but only to the extent it actually paid for the transcripts.

### C. *Pro Hac Vice* Fees

The Coalition argues that Seven Oaks should not be permitted to recover the $300 it has requested in *pro hac vice* admission fees because they are outside the scope of the Judicial Conference's fee schedule, incorporated by reference in 28 U.S.C. §§ 1914, 1920(1). [Filing No. 98 at 3.] The Coalition argues that even if the fees are recoverable, they are nonetheless excessive in light of Seven Oaks' three local attorneys. [Filing No. 98 at 3.] In response, Seven Oaks argues that the Seventh Circuit has held that *pro hac vice* fees are recoverable costs. [Filing No. 99 at 4.]

Section 1920(1) permits the Court to tax as costs "[f]ees of the clerk." Section 1914(b), in turn, provides that in addition to the filing fee, "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." But "[t]he Judicial Conference [has] determined that . . . local courts may charge, at their option, a fee for *pro hac vice* admissions," *In re Admission Fees of Attorneys* (S.D. Ind. Dec. 17, 2015), available at http://www.insd.uscourts.gov/sites/insd/files/general-ordes/Attorney%20Admission%20Fees%20Order.pdf, meaning that the Court's $100 *pro hac vice* admission fee would qualify as a fee "prescribed by the Judicial Conference." Most importantly, the Seventh Circuit has overruled a

party's objection to *pro hac vice* fees, thus signaling that it, too, believes such fees to be recoverable. *United States v. Emergency Med. Assocs. of Ill., Inc.*, 436 F.3d 726, 730 (7th Cir. 2006).

But while *pro hac vice* fees are technically recoverable, they are still subject to the general necessity and reasonableness principles incorporated in the Rule 56(d) analysis. As then-District Judge David Hamilton once observed under similar circumstances:

> [*Pro hac vice* fees] may be awarded, *see United States v. Emergency Medical Associates of Illinois, Inc.,* 436 F.3d 726, 730 (7th Cir.2006) (finding no abuse of discretion in awarding *pro hac vice* fees to defendant who prevailed in *qui tam* action), but they need not be. The general principle under Rule 54(d)(1) is to award costs that were reasonable and necessary for the prevailing party to incur. Defendants chose to have five attorneys, including two who were not members of the bar of this court, appear on its behalf. The attorneys who appeared *pro hac vice* in this case have also been representing these defendants in at least three similar cases, also appearing *pro hac vice* in those cases. No one has suggested that an attorney can charge to an opposing party the cost of lifetime admission to the bar or any fees needed to maintain such bar admission. It is not clear why the attorneys chose to pay the *pro hac vice* fee four times in four cases. . . . In any event, there is no reason why plaintiff should be required to pay this fee resulting from defendants' choice of counsel and their choice not to seek lifetime admission to this court's bar. The fees were not necessary for the defense of the case.

*Brown v. Colgate-Palmolive Co.*, 2006 WL 3197455, at *2 (S.D. Ind. May 17, 2006) (one citation omitted).

There are several similarities between *Brown* and this case. First, much as in *Brown*, Seven Oaks chose to have six attorneys, including three who were not members of this Court's bar, appear on its behalf. Only one of the three admitted *pro hac vice* signed his name to any substantive filings. The only distinction weighing in Seven Oaks' favor is that, unlike in *Brown*, Seven Oaks' *pro hac vice* counsel have not previously appeared *pro hac vice* in this Court. Thus, Judge Hamilton's observation that the counsel in *Brown* should have joined the bar of this Court instead of racking up successive *pro hac* fees does not directly apply. Nonetheless, Seven Oaks (or another

6

nonparty) paid for three *pro hac vice* fees, which adds up to over one fee for "lifetime admission to this court's bar." *Id.* And parties may not "charge to an opposing party the cost of lifetime admission to the bar." *Id.* Particularly in light of the fact that Seven Oaks had three admitted attorneys among its large cadre of counsel, the Court finds the *pro hac vice* fees incurred to be excessive and unreasonable in this case. Therefore, the Court, in its discretion, disallows Seven Oaks' request for $300 in *pro hac vice* fees.

**D. Docketing Fee**

The Coalition next challenges Seven Oaks' request for a $20 docket fee, arguing that Seven Oaks fails to provide "any description of what a $20 docket fee is." [Filing No. 98 at 4.] In response, Seven Oaks argues that the $20 is the authorized statutory fee for prevailing parties under 28 U.S.C. § 1923. [Filing No. 99 at 4.]

Section 1920(5) allows the Court to tax as costs "[d]ocket fees under section 1923 of this title." Section 1923(a), in turn, allows the Court to tax "$20 on trial or final hearing" as "attorney's and proctor's docket fees." This "small amount[] allowed by § 1923(a)" is the "exception" to the rule that "attorney's fees are not ordinarily recoverable." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975).

As Seven Oaks explains, this nominal amount is properly taxed as costs in favor of the prevailing party in a civil case. The Court therefore overrules the Coalition's objection and awards Seven Oaks the requested $20 "docket fee."

**E. Indigency**

The Coalition's final argument is that the Court should deny Defendants' requests because it is indigent and cannot pay the $3344.08 requested by the parties. [Filing No. 98 at 4.] In response, Defendants argue that the Coalition has failed to prove that it is unable to pay the

7

requested costs, if not immediately, then through its future projected income. [Filing No. 99 at 6; Filing No. 100 at 5-7.]

"[T]he inability to pay is a proper factor to be considered in granting or denying taxable costs." *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). In making such a finding, the Court must first "make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future," and the party opposing the claimed costs must provide "sufficient documentation to support such a finding." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (internal quotation omitted). Next, the Court must consider various factors, such as "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

The Court could locate no cases in the Seventh Circuit extending consideration of indigence to an incorporated entity, such as the Coalition. On the other side of the ledger, the Seventh Circuit has observed that "to allow [corporations] to escape paying costs, on grounds of indigency, would blur the distinction between individuals and corporations. For these reasons, it is indeed better to award costs as of course (which is what [Rule 54(d)] says) and leave to bankruptcy the question whether collection is possible." *Fehribach v. Ernst & Young LLP*, 493 F.3d 905, 913 (7th Cir. 2007) (internal quotation omitted); *see also Split Pivot, Inc. v. Trek Bicycle Corp.*, 154 F. Supp. 3d 769, 772 (W.D. Wisc. 2015) ("At least one district court in this circuit has interpreted the *Fehribach* holding as foreclosing entirely the application of the indigence exception to corporations. *See Bus. Sys. Eng'g, Inc. v. Int'l Bus. Machs. Corp.*, 249 F.R.D. 313, 316 (N.D. Ill. 2008). Whether this is a correct reading or not, *Fehribach* at least stands for the proposition that a post-litigation award of costs is the wrong time and place to take up the question of a corporation's indigency in the ordinary course."). Neither Defendant, however, argues that

the Coalition is *per se* precluded from asserting its indigence because of its status as an incorporated non-profit entity.

In any event, while it seems likely that the logic and holding of *Fehribach* would extend to such an entity, the Court finds that the Coalition has failed to establish that taxing costs would be inappropriate in this case. The declaration submitted by the Coalition's chairperson asserts that it has "around $2500 in the bank" which is "already committed to pay for brochures, publicity and our routine advocacy activities." [[Filing No. 98-1 at 1](#).] Its annual income ranges from $600 to $1600. [[Filing No. 98-1 at 1](#).] The fact that the Coalition may have to rearrange its spending from its preferred advocacy activities to pay the costs from this lawsuit does not demonstrate that it cannot or will not be able to pay the costs with future income. Moreover, the costs claimed in this case amount to a modest $3,044.08 (once the $300 in disallowed *pro hac vice* fees is excluded), and may total even less once the sums Seven Oaks did not actually pay are excluded. The Court therefore declines to disallow Defendants' bills of costs based upon the Coalition's asserted indigency.

## III.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Coalition's Motion for Review of Taxable Costs. [98] The Court awards Ms. McCormick $1,490.74 in costs, which are included in the judgment.

The Court **ORDERS** Seven Oaks to file a verified notice identifying which of its claimed costs it actually paid for (except for the $20 nominal "docket fee," awarded under § 1923) on or before **December 3, 2018**. Alternatively, Seven Oaks may move to withdraw its Bill of Costs (though it may continue to request the docket fee) by that same date. Seven Oaks may not recover

the $300 in *pro hac vice* fees.  Consistent with the foregoing, Seven Oaks' Bill of Costs [96] remains **UNDER ADVISEMENT**.[2]

Date: 11/15/2018

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**

---

[2] The Clerk is directed to **terminate** Seven Oaks' Bill of Costs as a motion.